UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                              Plaintiff,

-against-

SHONDELL A. MANCE
*a/k/a SHONDELL MANCE*,

                              Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**17-CV-2902 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff the United States of America ("Plaintiff") commenced this student loan debt enforcement action against Defendant Shondell A. Mance a/k/a Shondell Mance on May 11, 2017. (Compl. (Dkt. 1).) To date, Defendant has not answered or moved with respect to the complaint. Plaintiff now moves for default judgment. (Mot. for Default J. ("Mot.") (Dkt. 9).) For the reasons set forth below, the court GRANTS Plaintiff's motion.

**I.    BACKGROUND**

Plaintiff filed its complaint in this action on May 11, 2017, seeking to enforce a student loan agreement pursuant to 20 U.S.C. § 1080.[1] (Compl.) In support of its claim, Plaintiff attaches to the complaint a "Certificate of Indebtedness" issued by the United States Department

---

[1] In relevant part, 20 U.S.C. § 1080 provides:
>    (a) Upon default by the student borrower on any loan covered by Federal loan insurance pursuant to this part, and prior to the commencement of suit or other enforcement proceedings upon security for that loan, the insurance beneficiary shall promptly notify the Secretary, and the Secretary shall if requested (at that time or after further collection efforts) by the beneficiary, or may on the Secretary's own motion, if the insurance is still in effect, pay to the beneficiary the amount of the loss sustained by the insured upon that loan as soon as that amount has been determined . . . .
>    (b) Upon payment of the amount of the loss pursuant to subsection (a), the United States shall be subrogated for all of the rights of the holder of the obligation upon the insured loan and shall be entitled to an assignment of the note or other evidence of the insured loan by the insurance beneficiary.

1

of Education (the "Certificate"). (Compl. at ECF p.3.) The Certificate alleges that Defendant executed a promissory note on or about April 5, 2000, to secure a loan from the Department of Education, and that this loan was disbursed in two payments of $46,397.39 and $8,190.82, respectively, on August 2, 2002, with interest accruing at a rate of 6.75 percent per annum. (Id.) The Certificate further alleges that Defendant defaulted on her obligation on September 17, 2009, after Plaintiff demanded payment. (Id.) Pursuant to 34 C.F.R. § 685.202(b), the Department of Education capitalized an amount of $13,778.23 in unpaid interest and added it to the principal balance. (Id.) The interest rate of 6.75 percent per annum equals $11.87 per day. (Id.) As of May 11, 2017, the principal was $64,211.51 and the capitalized interest balance and accrued interest was $36,703.81, totaling a debt of $100,915.32. (Compl. ¶ 3.) Plaintiff calculates that, due to interest accrual and out-of-pocket expenses incurred by Plaintiff for the service of the summons and complaint, the total balance owed by Defendant has risen to $101,668.74 as of July 7, 2017. (Affirmation of Michael T. Sucher, Esq., ("Sucher Affirm.") (Dkt. 9-1) ¶ 11.) The complaint further alleges that "[d]emand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same." (Compl. ¶ 5.) Plaintiff seeks damages of the total balance allegedly owed, plus pre-judgment interest through the date of judgment, post-judgment interest pursuant to 28 U.S.C. § 1961, administrative costs, and attorneys' fees. (Compl. ¶¶ 3-5).

Service of process was effected on May 31, 2017, at Defendant's residence by leaving copies of the summons and complaint with an adult of suitable age and discretion.[2] (See Aff. of Service (Dkt. 6).) Copies were also mailed to Defendant's residence by first-class mail on June 1, 2017. (Id.)

---

[2] The person on whom service was made indicated that the premises was Defendant's residence and identified herself as "Mrs. Mance," but refused to provide her first name. (Aff. of Service.)

Because Defendant failed to file an answer or otherwise move with respect to the complaint, the Clerk of Court entered a notice of default on June 30, 2017, pursuant to Federal Rule of Civil Procedure 55(a). (Entry of Default (Dkt. 8).) On July 7, 2017, Plaintiff moved the court to enter default judgment (the "Motion"). (Mot.) In support of the Motion, Plaintiff annexed a copy of the promissory note that forms the basis for the present claim (the "Promissory Note").[3] (Ex. 2 to Mot. ("Promissory Note") (Dkt. 9-3).) Of note, the Promissory Note does not list the loan or disbursement amounts. (Id.) Defendant neither responded to the complaint nor requested additional time to respond.

## II. DISCUSSION

Before the court is Plaintiff's motion for default judgment seeking relief for Defendant's alleged failure to pay back student loans. Defendant has not moved or responded to the allegations, and the clerk has entered a notation of default. Plaintiff's allegations, accepted as true, establish a legitimate cause of action entitling Plaintiff to relief. Plaintiff has not filed sufficient documentation on which to base an award of damages, however, and so the court refers this matter to Magistrate Judge Robert M. Levy for an inquest and Report and Recommendation regarding damages.

### A. Liability

The Federal Rules of Civil Procedure have prescribed procedural steps for entering a default judgment. See Fed. R. Civ. P. 55. The procedure "following a defendant's failure to plead or defend as required by the Rules begin[s] with the entry of default by the clerk upon a plaintiff's request." Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981) (per curiam). Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

---

[3] Plaintiff also appended a copy of the process server's bill to the Motion. (Ex. 3 to Mot. (Dkt. 9-4).)

affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk has entered default, pursuant to Rule 55(c), the defendant has an opportunity to move to have the default set aside. Meehan, 652 F.2d at 276. If the defendant fails to do so or the motion is unsuccessful, judgment by default may be entered by the court pursuant to Rule 55(b)(2). Id.

When determining whether to enter default judgment in the first instance, the court is guided by the same factors that apply to a motion to set aside entry of default. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 170-71 (2d Cir. 2001). These factors are "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02–CV–9044 (LTS) (GWG), 2003 WL 1960584, at * 2 (S.D.N.Y. Apr. 25, 2003) (citation omitted); see also Basile v. Wiggs, No. 08–CV–7549 (CS) (GAY), 2009 WL 1561769, at *4 (S.D.N.Y. May 29, 2009) (listing factors for court's consideration including defaulting party's bad faith, "possibility of prejudice to the plaintiff, the merits of the plaintiff['s] substantive claim, the sufficiency of the complaint, the sum at stake, [and] whether the default was due to excusable neglect") (second alteration in the original) (quoting Feely v. Whitman Corp., 65 F. Supp. 2d 164, 171 (S.D.N.Y. 1999)).

As to the first factor, the failure by Defendant to respond to the complaint sufficiently demonstrates willfulness. See, e.g., Indymac Bank v. Nat'l Settlement Agency, Inc., No. 07–CV–6865 (LTS) (GWG), 2007 WL 4468652, at * 1 (S.D.N.Y. Dec. 20, 2007). Defendant has not attempted to defend herself in the present action, nor did she request an extension of time to respond to the complaint. Based on its review of the docket, the court concludes that Defendant

has had sufficient notice of the present litigation. Plaintiff has demonstrated that Defendant was properly served with the summons and complaint. (Aff. of Service.) On May 31, 2017, a true copy of the summons and complaint was left with a person of suitable age and discretion at Defendant's residence. (Id.) A copy of the summons and complaint was also mailed to Defendant on June 1, 2017. (Id.) On July 10, 2017, Plaintiff served the instant motion for default judgment and supporting papers, by post, at the residence of Defendant. (Ex. 5 to Mot. ("Martsenyuk Aff.") (Dkt. 9-5).) A review of the docket therefore establishes that Defendant has willfully failed to plead or defend her interest in this action.

As to the second factor—whether Defendant has a meritorious defense—the court concludes that Defendant's failure to present a defense precludes the court from finding in Defendant's favor. The court is unable to determine whether there is a meritorious defense to Plaintiff's allegations because Defendant has presented no such defense to the court. Following default, the court must accept the factual allegations of the complaint as true. Chen v. Jenna Lane, Inc., 30 F.Supp. 2d 622, 623 (S.D.N.Y. 1998). Taking the allegations presented here as true, the court sees no meritorious defense and so concludes that the second factor favors granting default judgment.

The final factor the court must consider is whether the non-defaulting party would be prejudiced if the motion for default were denied. In this case, denying default judgment would be prejudicial to Plaintiff "as there are no additional steps available to secure relief in this Court." Bridge Oil Ltd. v. Emerald Reefer Lines, LLC, No. 06–CV–14226 (RLC) (RLE), 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008). Accordingly, the court finds that this factor, too, favors granting default judgment.

Additionally, the court finds that the complaint's allegations regarding Defendant's failure to make payments in connection with the loan, which have been admitted in light of Defendant's default, establish Defendant's liability. "Upon entry of default judgment, the Court accepts as true all of the facts alleged in the complaint." J & J Sport Prods. v. M & J Wins, Inc., No. 07–CV–6019 (RJH), 2009 WL 1107742, at *1 (S.D.N.Y. Apr. 23, 2009) (citing Au Bon Pain Corp. v. Artect. Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In determining whether to issue a default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls–Royce plc v. Rolls–Royce USA, Inc., 688 F.Supp.2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Atect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, a party in default does not admit conclusions of law, and the court must determine whether the facts, accepted as true, constitute a legitimate cause of action. Rolls–Royce plc, 688 F.Supp.2d at 153 (citation omitted). Here, Plaintiff alleges that Defendant has failed to pay amounts due under a loan held by Plaintiff, and provides both the promissory note (Ex. 2 to Mot. (Dkt. 9-3)) and the Certificate (Compl. at ECF p.3) to substantiate this claim for relief. Such evidence can constitute sufficient proof that a defendant has defaulted on his student loan debt. E.g., United States v. Terry, No. 08–CV–3785 (DRH) (ETB), 2009 WL 4891799 (E.D.N.Y. Dec. 11, 2009) (finding that promissory note and Certificate of Indebtedness from U.S. Department of Education sufficient to hold defendant liable).

As all three factors have been met, and Plaintiff's allegations as set forth in the complaint are sufficient to establish Defendant's liability, the court concludes that entry of default judgment against Defendant is warranted.

6

B. <u>Damages</u>

While the court finds that the complaint establishes Defendant's liability to Plaintiff for unpaid amounts under the loan, it cannot ascertain an amount of damages.

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." See <u>Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.</u>, 973 F.2d 155, 158 (2d Cir. 1992); see also <u>Flaks v. Koegel</u>, 504 F.2d 702, 707 (2d Cir. 1974). The court has an independent obligation to assess requests for damages, which "usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." <u>Greyhound Exhibitgroup</u>, 973 F.2d at 158; <u>see also</u> Fed. R. Civ. P. 55(b)(2) (providing that "the court may conduct . . . a hearing" to determine the amount of damages on default judgment).

The court finds that Plaintiff has provided insufficient evidence upon which to base an award of damages. Plaintiff has failed to provide the court with a document containing both the borrower's signature and the amount of the loan applied for and disbursed, without which the court cannot determine the amount of damages with reasonable certainty. <u>Cf., e.g., United States v. Linn</u>, No. 10-CV-5289 (KAM), 2011 WL 2848208, at *1 (E.D.N.Y. July 14, 2011) (noting that the court required the plaintiff to "provide a document containing both the borrower's signature and evidence of the amount of the loan" as part of its damages inquiry). Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1), the court refers this matter to Magistrate Judge Robert M. Levy for an inquest and Report and Recommendation regarding damages, including any awards of interest, attorneys' fees, or costs.

III. CONCLUSION

Plaintiff's Motion for Default Judgment is GRANTED as to Defendant's liability under the Promissory Note. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure

7

72(b)(1), the court refers this matter to Magistrate Judge Robert M. Levy for an inquest and Report and Recommendation regarding damages, including and awards of interest, attorneys' fees, or costs.

SO ORDERED.

Dated: Brooklyn, New York
October 24, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge